IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILLIE BERNARD BUTLER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-0168 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY
PETITION FOR WRIT OF HABEAS CORPUS**

Came for consideration the Petition for Writ of Habeas Corpus filed by petitioner WILLIE BERNARD BUTLER. By his habeas application, petitioner challenges his February 10, 2008, conviction for burglary of a habitation out of the 181st Judicial District Court of Potter County, Texas, and the 60-year sentence assessed for this conviction. *See State v. Butler*, No. 57,067. The undersigned United States Magistrate Judge recommends petitioner's habeas application be DENIED.

I.
FACTUAL AND PROCEDURAL HISTORY

The state appellate court summarized the factual history as follows:

Terry Hearn owned a residence located at 1917 Marrs in Amarillo, Texas. Becky
Baker resided, at times, at the residence. On November 23, 2008, Baker arrived at
Hearn's residence around 10:00 or 11:00 in the morning. Baker had been at the

residence approximately 2 to 3 hours when appellant arrived. Appellant knocked on the front door and Hearn let him in. Hearn testified that appellant had been at his house before and had been given consent to enter. After appellant entered, he asked if Baker was present and Hearn told him "No." Hearn testified that Baker had told him to say she was not present if anyone came to the house asking about her. Baker denied this statement in her testimony. Appellant, not believing Hearn and based upon his prior knowledge, proceeded to the bedroom where Baker stayed. Hearn testified that he heard a lot of yelling and screaming coming from the bedroom and, a short time later, appellant and Baker came through the living room going to the front door. Appellant went through the door and Baker shut the door behind him. Hearn and Baker both testified that, when appellant went through the front door, Baker shut and locked the door behind him. Baker told Hearn to call 911 and he did so. Appellant began beating on the front door while shouting to gain reentry. Both Hearn and Baker testified they did not either answer appellant nor unlock and open the front door. Appellant then kicked the front door open and came inside. Baker attempted to flee through the kitchen but the back door was locked.

Appellant went into the kitchen after Baker. Baker testified that it was then that appellant began punching and kicking her while she was on the floor. Hearn testified he went into the kitchen and saw appellant kick Baker three times. Hearn then yelled at appellant to stop. Appellant stopped kicking Baker and pulled her upright. Appellant then took Baker out to a car and they left the scene.

After appellant left the scene, the police arrived in response to the 911 call made by Hearn. Officer Weldon testified that he observed the condition of the front door and had another officer take pictures of it. These photos of the front door were admitted into evidence at the trial.

. . .

Appellant did not testify, however, there had been a previous trial that ended in a mistrial. During the State's case-in-chief, the State presented some of the testimony appellant had given in the former trial. This testimony reflected that appellant had stated that, when he started to leave Hearn's residence with Baker, she slammed the door and put her body up against it but did not lock it. At the former trial, appellant eventually admitted that he pushed his way in and Hearn never let him in.

*Butler v. State*, 07-09-0070-CR, 2009 WL 4042121 (Tex. App.—Amarillo Nov. 23, 2009, pet. ref'd).

Following the presentation of the evidence, petitioner's counsel sought to have the jury

charged alternately with assault, misdemeanor assault, and criminal trespass as lesser included offenses. The trial court ruled that assault and misdemeanor assault were not lesser included offenses of burglary, but did allow the jury to be given an instruction on criminal trespass. The jury found Butler guilty of burglary of a habitation. Butler then pled true to two enhancement paragraphs alleging: (1) felony delivery of a controlled substance on September 7, 1993, and (2) felony possession of a controlled substance on July 19, 1999. The jury assessed punishment at sixty-years imprisonment.

Petitioner Butler appealed to the Texas Seventh Court of Appeals on July 13, 2009, and that court affirmed the judgment of the trial court in a memorandum opinion issued on November 23, 2009. Butler filed a petition for discretionary review on February 4, 2010, which was refused on April 28, 2010. He then filed a state application for habeas corpus relief on April 12, 2011. The application was denied by the Texas Court of Criminal Appeals without written order on June 8, 2011. Petitioner filed this petition for federal habeas corpus relief on July 30, 2011, the state filed their response on September 16, 2011, and petitioner filed a reply on November 14, 2011.

## II.
## PETITIONER'S CLAIMS

Petitioner contends respondent is holding him in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner was denied a fair trial because the trial court misapplied the law and allowed the jury to convict the petitioner on a flawed legal theory;

2. Petitioner was convicted on insufficient evidence; and

3. Petitioner received ineffective assistance of counsel because:

      A.      Trial counsel failed to argue for and file motions to include in the jury charge the lesser included offenses of vandalism, criminal trespass, and simple assault; and

      B.      Trial counsel's representation was cumulatively ineffective.

### III.
### AEDPA

This federal petition was filed after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, the provisions of the AEDPA apply to this case.

### IV.
### Merits

Federal habeas corpus will not lie unless an error was so gross or a trial so fundamentally unfair that the petitioner's constitutional rights were violated. In determining whether an error was so extreme or a trial so fundamentally unfair, this Court must review the putative error at issue, looking at the totality of the circumstances surrounding the error for a violation of the petitioner's constitutional rights.

As referenced under paragraph III. above, this case is governed by the AEDPA. Therefore, this federal habeas court, pursuant to 28 U.S.C. § 2254(d), must defer to the state court's adjudication of petitioner's claims on the merits, unless the state court decision was (1) contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. A state court's decision will be contrary to clearly established federal law when it reaches a legal conclusion in direct opposition to a prior decision of the United States

Supreme Court, or when it reaches a different conclusion than the United States Supreme Court on a set of materially indistinguishable facts. A state court's decision will be based on an unreasonable application of clearly established federal law when it is objectively unreasonable. *Kutzner v. Johnson*, 242 F.3d 605 (5th Cir. 2001).

### *1. Denial of Right to Fair Trial*

In his first ground, petitioner complains the trial court misinformed the jury resulting in the jury rendering a verdict which was not in compliance with the law because the jury was told petitioner's girlfriend could "have ownership" of the house while the law requires the owner of the house to not be present for a guest to "have ownership." Petitioner claims this means the prosecutor did not meet the burden of proof.[1]

Respondent answers that Butler's first claim is unexhausted because he did not raise the claim in either his petitioner for discretionary review or his state habeas corpus application, citing *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). While Butler's petition for discretionary review only challenges the sufficiency of the evidence, his state habeas application raises roughly the same claims raised in this habeas petition. Indeed, his federal habeas petition's law memorandum seems to be an exact copy of the memorandum filed with his state application. The actual ground petitioner presents, and the "supporting facts" section are different in some respects, but applying the liberal construction required to be given to pro se habeas applications, this Court, liberally construing petitioner's claim, will address the merits of his first claim.

Even if it was exhausted, petitioner's first claim is without merit because it is based on a

---

[1] To the extent petitioner's first claim can be read as a challenge to the sufficiency of the evidence, such claim is addressed in point 2.

flawed premise: it assumes petitioner had permission from the homeowner to reenter the house after he had exited and the door was locked. His contention seems to be that, because he, at some point, had permission from the homeowner to enter the house, the jury must have found petitioner entered illegally based on a guest, petitioner's girlfriend, revoking permission. This is not what the evidence shows. The testimony of the homeowner, Mr. Hearn, establishes that petitioner was locked out of the house. At the point petitioner knocked on the door and demanded to be let inside, the owner of the house had the opportunity to let petitioner back in, but, instead, sat on the couch, and did not admit petitioner. Petitioner then broke down the locked door, entering the house, and the homeowner further demonstrated lack of consent to petitioner's presence by calling the police. To the extent it is even possible to construe the homeowner's actions as not revoking petitioner's right to enter the house, this is a factual question. Factual guestions are the province of the fact finder, not a court on habeas review. A reasonable juror could find the evidence was sufficient to establish a lack of consent from the homeowner and such is sufficient for the state court ruling to be upheld.

If the petitioner *could* point to some jury instruction or argument from the prosecutor that misrepresented to the jury that they could find petitioner guilty of burglary even if the homeowner had given consent to petitioner's reentry into the house, petitioner *might* be entitled to relief. But no such jury instruction was given and no such argument was made. The relevant jury instruction specifically required that, for the jury to find Butler guilty of burglary, the jury must find petitioner entered the house "without the effective consent of Terry Wayne Hearn." 3 R.R. 13. The jury charge's only mention of Baker's authority to deny petitioner entry related to the lesser included offense of criminal trespass. 3 R.R. 15. Likewise, the prosecutor's closing

argument referenced only the homeowner's right to exclude petitioner, stating, "Terry Wayne Hearn has the right to exclude anyone he wants from his home for any reason." 3 R.R. 21-22. The prosecutor similarly argued it was Hearn who excluded petitioner from the house in her rebuttal argument. 3 R.R. 33-34. The prosecutor's argument and the jury instructions never asked the jury to consider Baker's ability to exclude Butler with respect to the burglary charge. Petitioner's claim that the jury convicted him based upon Baker's exclusion of petitioner from the house is without merit.

*2. Sufficiency of the Evidence*

In his second ground, petitioner challenges the sufficiency of the evidence. A criminal defendant has a federal due process right to be convicted only upon evidence sufficient to prove beyond a reasonable doubt the existence of every element of the offense. *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S.Ct. 2781, 2787, 61 L.Ed.2d 560 (1979); *Foy v. Donnelly,* 959 F.2d 1307, 1313 (5th Cir. 1992). "When a defendant seeking federal habeas relief contends that the evidence is insufficient to support a state court conviction, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir.1991) (quoting *Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789)). This standard is applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Foy*, 959 F.2d at 1313-14. This Court need not find that the evidence excluded every reasonable hypothesis of innocence or was wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could have found that the evidence, whether direct or circumstantial, and all reasonable inferences drawn from it,

established guilt beyond a reasonable doubt. *United States v. Salazar*, 958 F.2d 1285, 1294 (5th Cir. 1992). In so determining, great weight must be given to the state court's determination. *Gibson*, 947 F.2d at 782, 786. This standard applies whether the evidence is direct or circumstantial. *United States v. Mergerson,* 4 F.3d 337, 341 (5th Cir. 1993) (citing *United States v. Triplett*, 922 F.2d 1174 (5th Cir. 1991)).

Texas law provides that a person commits burglary "if, without the effective consent of the owner, the person: enters a habitation . . . not open to the public, with intent to commit . . . an assault." Petitioner challenges the "effective consent" portion, alleging the state presented insufficient evidence to establish Hearn, the homeowner, did not give petitioner consent to enter his home.

As discussed above, there is ample evidence demonstrating Hearn did not consent to petitioner Butler entering his home.[2] The door was locked, Hearn did not answer the door when petitioner knocked, and Hearn called the police when Butler managed to break in. A rational trier of fact could find from this evidence that Hearn did not "effectively consent" to petitioner entering his home. Petitioner's second ground is without merit.[3]

### *3. Ineffective Assistance of Counsel*

In his third ground, petitioner claims his trial counsel was ineffective for failing to address and then not offering as lesser-included offenses the crimes of vandalism, criminal

---

[2] Butler entered twice. While the first entry was consensual, the second entry was not.

[3] In his reply brief, Butler additionally claims the evidence was insufficient because the state failed to prove the assault Butler committed was a felony. This claim is not properly before this Court because new claims may not be raised for the first time in a reply brief. Even if it were properly before the Court, Butler's claim would still fail because the burglary statute only requires an assault, not felony assault. *See* TEX. PENAL CODE § 30.02(a)(1).

trespass, and simple assault. He also complains in his supplemental brief that counsel was generally ineffective throughout the trial.

The proper standard for judging petitioner's ineffective assistance claim is enunciated in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Under the two-pronged *Strickland* standard, a petitioner must show defense counsel's performance was both deficient and prejudicial. *Id.* at 687, 104 S.Ct. at 2064. An attorney's performance was deficient if the attorney made errors so serious the attorney was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution. *Id*. That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the profession. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065. Strategic choices made after a thorough investigation of both the law and facts are "virtually unchallengeable." *Id.* at 690-91, 104 S. Ct. at 2066. This is a heavy burden which requires a "substantial," and not just a "conceivable," likelihood of a different result. *Harrington v. Richter*, 562 U.S.___, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011); *see also Cullen v. Pinholster*, 563 U.S.___, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011).

Additionally, a petitioner must show counsel's deficient performance prejudiced the defense. To establish this prong, a petitioner must show counsel's errors were so serious as to deprive petitioner of a fair trial. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Specifically, to prove prejudice, a petitioner must show "(1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different .

. . and (2) counsel's deficient performance rendered the trial fundamentally unfair." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993). A showing of significant prejudice is required. *Spriggs v. Collins*, 993 F.2d 85, 88 n. 4. (5th Cir.1993). If a petitioner fails to show either the deficiency or prejudice prong of the *Strickland* test, then the Court need not consider the other prong. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069.

When a state prisoner asks a federal court to set aside a conviction or sentence due to ineffective assistance of counsel, the federal court is required to use the "doubly deferential" standard of review that credits any reasonable state court finding of fact or conclusion of law, and presumes defense counsel's performance fell within the bounds of reasonableness. *Burt v. Titlow,* ___ U.S.___, 134 S.Ct. 10, 187 L. Ed. 2d 348 (2013). The absence of evidence cannot overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance" and cannot establish that performance was deficient. *Id*. Since Butler's ineffective assistance of counsel claim was adjudicated on the merits in a state court proceeding, and the denial of relief was based on a factual determination, that decision will not be overturned unless it was objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003). A state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Burt*, 134 S. Ct. at 15. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be

presumed to be correct and a petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d at 472; *Singleton*, 178 F.3d at 384 (recognizing this Texas state writ jurisprudence).

Petitioner's first claim, that trial counsel failed to address vandalism, criminal trespass, and simple assault and then failed to raise them as lesser included offenses, is baseless. The trial court record shows counsel raised all three and sought, during the charge conference, to have all three presented to the jury as lesser included offenses. 3 R.R. 6-9. The trial court did not charge the jury on vandalism or simple assault, but criminal trespass *was* included in the jury charge as a lesser included offense.

Petitioner's second portion of his ineffective assistance claim is improperly raised. As the Order to Show Cause states, "Under no circumstances will any statement or argument set forth in a reply brief be considered as part of the pleadings so as to advance new grounds for relief or to supplement any grounds or supporting facts set out in the petition."

Assuming, however, the second part of this claim, that counsel was ineffective based on cumulative errors, was properly raised, it is without merit. In order to prevail on a claim of cumulative error, a petitioner must show: "(1) the individual errors involved matters of constitutional dimensions rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process." *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996). Petitioner has not identified any individual errors for this Court to cumulate. Instead, Butler

relies on conclusory references to the "record of the trial as a whole." Such conclusory allegations, unsupported by specifics, do not entitle a petitioner to relief. *See Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996). Petitioner's third ground is without merit.

## V.
## RECOMMENDATION

Petitioner has failed to present any meritorious claim warranting federal habeas corpus relief. It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner WILLIE BERNARD BUTLER be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this    5th    day of May 2014.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).